UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

SEP 2 3 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

SUMMER CRUMP,

     Plaintiff,

v.                             Civil No.: 2:13cv707

TCOOMBS & ASSOCIATES, LLC,
TRADING AS TCASSOCIATES,

TCMP HEALTH SERVICES, LLC,

and

UNITED STATES DEPT OF NAVY,
BY AND THROUGH RAY MABUS,
SECRETARY OF DEPT OF NAVY,

     Defendants.

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss filed by the United States Department of the Navy ("the Navy"), ECF No. 9, as well as a motion to amend filed by Summer Crump ("Plaintiff"), ECF No. 11. After examining the briefs and the record, the Court determines that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J). For the reasons set forth below, Plaintiff's motion to amend is **DISMISSED AS MOOT** as to the Navy and **GRANTED** as to TCA and TCMP, and the Navy's motion to dismiss is **DENIED**.

## I.  FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff alleges that she was hired by "joint employers" TCAssociates ("TCA"), TCMP Health Services ("TCMP"), and the Navy (collectively, "Defendants") in May of 2010 "as a Physician Assistant at Sewell's Point Branch Medical Clinic in Norfolk, VA, a Navy facility." Am. Compl. ¶¶ 5, 11, ECF No. 11-1. On April 26, 2011, Plaintiff, who "suffers from bilateral profound deafness," "underwent a surgical procedure . . . whereby she received a cochlear implant revision" because her "existing cochlear implants" had failed. Id. ¶ 12. On June 17, 2011, three days before Plaintiff was scheduled to return to work, Plaintiff asserts that she submitted a request to TCA and TCMP for "a reasonable accommodation to eliminate unnecessary excessive noise in the clinical environment and an effective and accurate alternative form of telecommunication . . . so that she could perform the essential requirements of her position." Id. ¶ 14.

---

[1] The facts of this case, drawn from Plaintiff's proposed Amended Complaint, are assumed true for the purpose of deciding the motion currently before the Court. See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp., 278 F. 3d 401, 406 (4th Cir. 2002). The facts recited here are not to be considered factual findings for any purpose other than consideration of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (observing that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

"In late July 2011," Plaintiff asserts that she withdrew her request for the elimination of unnecessary and excessive noise, as she had since become "more acclimated to her implants." Id. ¶ 17.   However, Plaintiff "maintained her request for accommodation . . . associated with telephone communications" and provided additional information to TCA and TCMP "regarding numerous reasonable accommodations, which included American Sign Language Interpreters or video relay service on a video phone or IPAD2 or similar device." Id. According to Plaintiff, TCA and TCMP, "following a delay of approximately one and one-half months, offered accommodations that were neither reasonable nor effective for [Plaintiff's] particular disability," such as "a telephone attachment or headset," which only "amplified sound" and "would have done nothing to accommodate her disability," and "a non-signing staff person to paraphrase the communications by telephone," which Plaintiff alleges would have carried a "risk of likelihood of patient communications being improperly relayed, especially in emergency situations." Id. ¶¶ 18-19.

In August of 2011, Plaintiff alleges that she "was advised that her 'request for accommodations' had been agreed to and that she would be allowed to return to work," after the "details regarding the set up" were resolved. Id. ¶ 20.   Plaintiff asserts that "the parties participated in a dialogue by email

3

and other communications with regard to setting up the accommodation, getting the requisite approvals, coordinating . . . with regard to logistics set up, approvals, and responsibility for the cost for and provision of the accommodation, among other things." Id. However, "[o]n October 12, 2011," according to Plaintiff's Amended Complaint, the Navy "forwarded a written form for Request for Accommodation to [Plaintiff], through [TCA] and/or TCMP," which Plaintiff alleges she submitted "as instructed," "request[ing] reasonable accommodations from the Navy." Id. ¶ 21. Plaintiff alleges that she also "requested a conference between the Navy, [TCA] and/or TCMP and herself to discuss the accommodations necessary, details regarding set up, and attempt to come to a resolution." Id. ¶ 23. Plaintiff asserts that "Defendants agreed to the conference" and that Plaintiff believed that TCA, TCMP, and the Navy "remained interested in resolving the issues." Id. ¶¶ 22-23. Plaintiff alleges that, "by February 21, 2012, the conference had not taken place and [Plaintiff] had not received a response from the Navy [regarding] her October 17, 2011 Request for Accommodation." Id. ¶ 24. Thus, in a "letter dated that day, [Plaintiff] advised the Navy that if it did not respond within ten (10) days of receipt of the letter, she would consider the request for accommodation to be denied and would proceed with consulting a counselor pursuant to 29 CFR 1614.105

4

in order to resolve the matter." Id.[2] After "receiv[ing] no response," Plaintiff "instituted an action against the Navy pursuant to the Rehabilitation Act." Id.

On June 15, 2012, during a "meeting with an EEO Counselor in connection with her claim against the Navy," Plaintiff asserts that she received a copy of the Navy's response to her accommodation request, dated May 24, 2012, which Plaintiff alleges the Navy sent "directly to [TCA] and/or TCMP, and did not provide a copy directly to [Plaintiff]." Id. ¶ 25. Plaintiff asserts that "the Navy (and [TCA] and/or TCMP, through agreement) proposed the use of 'sign language services' and/or a Z150 video phone," although Defendants could not offer either "assurance that the Z150 [video phone] would be approved or a date by which the [video phone] could be approved, ordered, installed or operational." Id. ¶ 26. Plaintiff also alleges that Defendants "could give no assurance to [Plaintiff] regarding the medical qualifications, certifications or credentials of the interpreters, with such being necessary in

---

[2] Plaintiff's letter, attached as an exhibit to the Navy's motion to dismiss, is dated February 22, 2012. See ECF No. 10-2. However, Plaintiff's Amended Complaint and Plaintiff's Reply Brief supporting her Motion to Amend - both filed after the Navy's motion to dismiss - continue to assert that the letter was sent on February 21, 2012. See Am. Compl. ¶ 24, ECF No. 11-1; Pl.'s Reply Br. at 4 n.1, ECF No. 21. Thus, for the purposes of this discussion, drawing all inferences in favor of Plaintiff, the Court considers the letter sent on February 21, 2012, as Plaintiff contends.

the medical profession, or their availability on short notice." Id. ¶ 27.

"As of July 27, 2012," Plaintiff contends, "Defendants [had] failed to institute any accommodations . . . which would allow [Plaintiff] to return to work." Id. ¶ 29. According to Plaintiff, Defendants' failure demonstrated "a deliberate, intentional effort to force [Plaintiff's] resignation and [to create] impossible and intolerable working conditions." Id. Accordingly, Plaintiff alleges that she was forced "to quit her job effective that day" and that Defendants' "fail[ure] and refus[al] to cooperate in resolving [her] request for accommodation ultimately [led] to [Plaintiff's] constructive discharge." Id. ¶¶ 29-30.

On December 19, 2013, Plaintiff filed a Complaint against Defendants, alleging discrimination, failure to accommodate, and constructive discharge against TCA and TCMP in violation of the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §§ 12101 et seq., and against the Navy in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.[3] Complaint, ECF No. 1. On January 29, 2014, TCA and TCMP filed an Answer to Plaintiff's Complaint, denying liability to

---

[3] "Unlike the ADA, the Rehabilitation Act covers only entities that possess a certain nexus with the federal government, e.g., those that receive federal assistance, 29 U.S.C. § 794, or that hold federal contracts or subcontracts, [29 U.S.C.] § 793, as well as the government itself, [29 U.S.C.] § 791." 1 Lindemann, et al., Employment Discrimination Law 13-17 (5th ed. 2012).

Plaintiff and asserting various affirmative defenses. ECF No. 5. On March 31, 2014, the Navy filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. Fourteen days later, on April 14, 2014, Plaintiff filed a Motion to Amend/Correct her Complaint, attached to which was a proposed Amended Complaint. ECF Nos. 11, 11-1. Defendants TCA and TCMP have not responded to either motion, but both motions have been fully briefed by Plaintiff and the Navy and are therefore ripe for review.

## II. STANDARD OF REVIEW

### A. Motion to Amend Complaint – Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course" within "21 days after serving it," or, "if the pleading is one to which a responsive pleading is required," such as a complaint, "21 days after service of [the] responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Once a defendant has filed a responsive pleading, the plaintiff may amend its pleading "only with the opposing party's written consent or the court's leave." Id. The United States Court of Appeals for the Fourth Circuit has embraced the "policy to liberally allow amendment in keeping with the spirit of [Rule] 15(a)," Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010), which provides that a "court should

7

freely give leave when justice so requires," Fed. R. Civ. P.
15(a)(2).

The Fourth Circuit has "interpreted Rule 15(a) to provide
that 'leave to amend a pleading should be denied only when the
amendment would be prejudicial to the opposing party, there has
been bad faith on the part of the moving party, or the amendment
would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426
(4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d
503, 509 (4th Cir. 1980)). For instance, "a prejudicial
amendment is one that 'raises a new legal theory that would
require the gathering and analysis of facts not already
considered by the [defendant, and] is offered shortly before or
during trial.'" Id. (quoting Oroweat Foods, 785 F.2d at 509).
"Futility is apparent if the proposed amended complaint fails to
state a claim under the applicable rules and accompanying
standards." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462,
471 (4th Cir. 2011); see also United States ex rel. Wilson v.
Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008);
Galustian, 591 F.3d at 730 (observing that "the doctrine of
futility only applies when the plaintiff seeks leave of court to
amend and does not have a right to amend"). The Fourth Circuit
has indicated that "[l]eave to amend . . . should only be denied
on the ground of futility when the proposed amendment is clearly
insufficient or frivolous on its face." Oroweat Foods, 785 F.2d

at 510 (citing <u>Davis v. Piper Aircraft Co.</u>, 615 F. 2d 606, 613 (4th Cir. 1980)).

### B. Motion to Dismiss Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint, or a claim within a complaint, based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)) (omission in original). The United States Supreme Court has interpreted the pleading standard set forth in Rule 8(a) as requiring that a complaint include enough facts for the claim to be "plausible on its face" and thereby "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 555, 570 (internal citations omitted). The plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>,

550 U.S. at 556). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663.

Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, "'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" Twombly, 550 U.S. at 555 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (omission in original). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In considering a typical Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E. I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 448 (4th

Cir. 2011) (citing <u>Sec'y of State for Defence v. Trimble Navigation Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007); <u>Phillips v. LCI Int'l Inc.</u>, 190 F.3d 609, 618 (4th Cir. 1999)). A district court "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" <u>Kensington Volunteer Fire Dep't</u>, 684 F.3d at 467 (quoting <u>Philips v. Pitt Cnty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009)).

"[A] motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense," except "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." <u>Goodman v. PraxAir, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007). In other words, a motion to dismiss pursuant to Rule 12(b)(6), based solely on an affirmative defense, may be considered only "if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" <u>Id.</u> (emphasis omitted) (quoting <u>Richmond, Fredericksburg & Potomac R.R. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993)). "To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." <u>Id.</u> at 466.

### III.   DISCUSSION

The Navy asserts that Count IV of Plaintiff's Complaint should be dismissed because Plaintiff's "Complaint lacks sufficient factual content to render [a constructive discharge] claim against the Navy plausible." Navy's Br. Supp. Mot. to Dismiss at 2, ECF No. 10. The Navy also contends that both Counts III and IV of Plaintiff's Complaint should be dismissed "because Plaintiff failed to timely initiate Equal Employment Opportunity ('EEO') counseling" regarding her failure-to-accommodate and constructive discharge claims under the Rehabilitation Act. Id. Plaintiff asserts that her proposed "Amended Complaint will resolve many of the issues raised in the Motion to Dismiss," Pl's Br. in Opp'n at 2, ECF No. 14, but the Navy disagrees, arguing that "none of the insufficiencies in Plaintiff's [Complaint] have been cured" and, thus, "amending the [C]omplaint would be futile," Navy's Br. in Opp'n at 2, ECF No. 19. Thus, before considering the merits of the Navy's motion to dismiss, the Court considers whether Plaintiff should be permitted to amend her Complaint.

### A. Plaintiff's Motion to Amend

Because Plaintiff filed her Motion to Amend and proposed Amended Complaint after TCA and TCMP filed their Answer to Plaintiff's Complaint, Plaintiff "may amend [her] pleading" as to TCA and TCMP only "with the opposing party's written consent

12

or the court's leave." Fed. R. Civ. P. 15(a)(2).  On the other hand, the Navy has not yet filed an Answer to Plaintiff's Complaint and, because Plaintiff filed her Motion to Amend and proposed Amended Complaint within "21 days after service of [the Navy's] motion under Rule 12(b)," Plaintiff "may amend [her] pleading" as to the Navy "once as a matter of course." Fed. R. Civ. P. 15(a)(1).  See, e.g., Williams v. Bd. of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." (relying on the rule in effect before the 2009 Amendments to the Federal Rules of Civil Procedure)); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983) (same)).[4]  Thus, the Court **DISMISSES AS MOOT**

---

[4] "Prior to 2009, when a responsive pleading terminated the right to amend as a matter of course, if only some defendants filed a responsive pleading, 'it generally was held that a responsive pleading' had not been served for purposes of Rule 15(a)(1) and plaintiff could amend the complaint as of course with regard to those defendants that had not answered.'" Jackson v. WCM Mortg. Corp., No. 2:12-cv-02914, 2013 U.S. Dist. LEXIS 106972, at **9-10 (W.D. Tenn. July 31, 2013) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1481 (3d ed. 2013)).  "After the 2009 Amendments to Rule 15(a)(1), 'if only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants.'" Id. (quoting Wright, supra, at § 1481).  See Am. Realty Investors, Inc. v. Prime Income Asset Mgmt., LLC, No. 2:13-cv-00278, 2013 U.S. Dist. LEXIS 148981, at *16 (D. Nev. Oct. 15, 2013); Morsheiser Family Revocable Living Trust v. Anshutz Exploration Corp., No. 5:12CV1734, 2012 U.S. Dist. LEXIS 141700, at **2-3 (N.D. Ohio Oct. 1, 2012); Hylton v. Anytime Towing, No. 11CV1039, 2012 U.S. Dist. LEXIS 41010, at **6-7 (S.D. Cal. Mar. 26, 2012); Jones v. Safi, No. 10-CV-2398, 2011 U.S. Dist. LEXIS 132088, at **9-10 (E.D.N.Y. Nov. 10,

Plaintiff's Motion to Amend as to the Navy, as Plaintiff is entitled to amend her Complaint "once as a matter of course" against the Navy, which has not yet filed an Answer to Plaintiff's Complaint.  Fed. R. Civ. P. 15(a).

With respect to Plaintiff's Motion to Amend as to TCA and TCMP, the Court observes that TCA and TCMP do not oppose Plaintiff's motion to amend.  Presumably, this is because the "only pertinent changes or additions" appear to clarify only the facts pertaining to the Navy, rather than TCA and TCMP.  Navy's Br. in Opp'n at 22, ECF No. 19.  Furthermore, the Court cannot conclude from the record that Plaintiff's "amendment would be prejudicial to [TCA or TCMP], [that] there has been bad faith on the part of the moving party, or [that] the amendment would have been futile."  Laber, 438 F.3d at 426.  Accordingly, Plaintiff's Motion to Amend is **GRANTED** as to TCA and TCMP.

### B. The Navy's Motion to Dismiss

The Navy "moves to dismiss Plaintiff's claims against the Navy (Count III and Count IV [of Plaintiff's Complaint]) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim."  Navy's Mot. to Dismiss at 1, ECF No. 9.  Although a complaint "amended under Rule 15(a) supersedes the pleading it modifies" and "any subsequent motion . . . should be directed at the amended pleading," a defendant "should not be required to

2011); Villery v. Dist. of Columbia, 277 F.R.D. 218, 219 (D.D.C. 2011).

file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." 6 Wright & Miller, Federal Practice & Procedure § 1476 (3d ed. 2014). Rather, the Court "simply may consider [the Navy's] motion as being addressed to the amended pleading." Id. Thus, the Court considers the Navy's arguments contained in both its Motion to Dismiss and its opposition to Plaintiff's Motion to Amend in order to determine whether "the defects raised in the [Navy's] original motion remain in the new pleading." Id.[5]

### 1. Constructive Discharge

The Navy first argues that Plaintiff "fails to state a claim of constructive discharge against the Navy" in Count IV of her Complaint because she fails to demonstrate "'[d]eliberateness of the employer's action, and intolerability of the working conditions.'" Navy's Br. Supp. Mot. to Dismiss at 7, ECF No. 10 (quoting Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985)). The Navy further asserts that Plaintiff's "Amended Complaint contains no new facts in support of Plaintiff's constructive discharge claim." Navy's Br. in

---

[5] The Navy incorporated into its reply brief supporting its Motion to Dismiss all of the arguments regarding the sufficiency of Plaintiff's proposed Amended Complaint contained in the Navy's opposition to Plaintiff's Motion to Amend. See Navy's Reply Br. at 2, ECF No. 18 (asserting that "the appropriate place to now address the legal sufficiency of Plaintiff's claims against the Navy is in connection with Plaintiff's motion for leave to amend" and "fully incorporat[ing] that portion of its response to Plaintiff's motion for leave to amend her complaint relating to the constructive discharge claim").

Opp'n at 8, ECF No. 19.  Plaintiff disagrees, arguing that she has satisfied "both deliberateness and intolerability of the working conditions" by alleging "a complete failure by the Navy to provide <u>any</u> accommodation."  Pl.'s Br. in Opp'n at 3-4, ECF No. 14 (emphasis in original).

In the Fourth Circuit, "an employee is constructively discharged 'if an employer deliberately makes the working conditions of the employee intolerable in an effort to induce the employee to quit.'"  <u>Whitten v. Fred's, Inc.</u>, 601 F.3d 231, 248 (4th Cir. 2010) (quoting <u>Martin v. Cavalier Hotel Corp.</u>, 48 F.3d 1343, 1353-54 (4th Cir. 1995)), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> by <u>Vance v. Ball State Univ.</u>, 133 S. Ct. 2434 (2013); <u>see also</u> <u>Heiko v. Colombo Sav. Bank</u>, 434 F.3d 249, 262 (4th Cir. 2006); <u>Matvia v. Bald Head Island Mgmt., Inc.</u>, 259 F.3d 261, 272 (4th Cir. 2001).  Thus, in order to survive a motion to dismiss, a plaintiff's complaint must plead sufficient facts demonstrating "(1) that the employer's actions were deliberate, and (2) that working conditions were intolerable."  <u>Heiko</u>, 434 F.3d at 262 (citing <u>Honor v. Booz-Allen & Hamilton, Inc.</u>, 383 F.3d 180, 186-87 (4th Cir. 2004); <u>Munday v. Waste Mgmt. of N. Am., Inc.</u>, 126 F.3d 239, 244 (4th Cir. 1997).

### a. Deliberateness of the Employer's Actions

The Navy argues that Plaintiff's Amended Complaint does not "contain[] sufficient facts to show a plausible claim of

deliberate actions by the Navy, motivated by disability discrimination, and which were intended to force [Plaintiff] to quit." Navy's Br. in Opp'n at 9, ECF No. 19. Specifically, the Navy argues that its "alleged failure to accommodate," without more, is "insufficient to establish the deliberateness element of a constructive discharge claim," and that "the Navy's continued efforts to find and implement an accommodation for Plaintiff . . . was evidence [that] the Navy sought to retain Plaintiff, not to intentionally force her to quit." Id. Plaintiff disagrees, arguing that her constructive discharge claim "is based upon a complete failure by the Navy to provide any accommodation," which she alleges the Fourth Circuit "has explicitly held . . . may be sufficient [to demonstrate deliberateness] for purposes of a constructive discharge case." Pl.'s Br. in Opp'n at 4, ECF No. 14 (citing Johnson v. Shalala, 991 F.2d 126, 132 (4th Cir. 1993)).

In the Fourth Circuit, a plaintiff seeking to satisfy the deliberateness element of a constructive discharge claim must "prove that 'the actions complained of were intended by the employer as an effort to force the employee to quit.'" Martin, 48 F.3d at 1354 (4th Cir. 1995); see also Matvia, 259 F.3d at 272 ("'Deliberateness exists only if the actions complained of were intended by the employer as an effort to force the plaintiff to quit.'" (quoting Taylor v. Va. Union Univ., 193

17

F.3d 219, 237 (4th Cir. 1999) (en banc))). "Deliberateness can be demonstrated by actual evidence of intent by the employer to drive the employee from the job, or circumstantial evidence of such intent." Johnson, 991 F.2d at 131 (citing EEOC v. Clay Printing Co., 955 F.2d 936, 944-46 (4th Cir. 1992)). A plaintiff is not required to produce "'smoking gun' evidence of employer intent," Martin, 48 F.3d at 1354 (citation omitted), as "a complete failure to accommodate, in the face of repeated requests, might suffice as evidence to show the deliberateness necessary for constructive discharge," Johnson, 991 F.2d at 132. This is especially true under the Rehabilitation Act, where federal employers are required to "affirmatively take steps to accommodate employees with handicaps, unless accommodation would impose undue hardship on the government." Id. at 131.

Plaintiff's Amended Complaint sufficiently alleges facts supporting the deliberateness element of Plaintiff's constructive discharge claim. Plaintiff alleges that she sent a written request to the Navy – at the Navy's direction – on October 17, 2011, four months after her initial request to TCA and TCMP, requesting reasonable accommodations "to accommodate her inability to communicate over the telephone due to her disability." Am. Compl. ¶ 21, ECF No. 11-1. According to Plaintiff's Amended Complaint, the Navy "agreed [in October 2011] to participate in . . . a conference" with Plaintiff "to

discuss the accommodations necessary" and the "details regarding set up." Id. ¶ 22. However, Plaintiff asserts, although the Navy appeared "interested in resolving the issues and engaging in an interactive process to resolve the issues," "by February 21, 2012, the conference had not taken place and [Plaintiff still] had not received a response from the Navy to her October 17, 2011 Request for Accommodation." Id. ¶¶ 23-24. In fact, Plaintiff alleges that it was only after her February 21, 2012 letter to the Navy, "advis[ing] the Navy that . . . she would consider [her] request for accommodation to be denied and would proceed with consulting [an EEO] counselor" if the Navy "did not respond within ten (10) days of receipt of the letter," and during her visit with the EEO counselor on June 15, 2012, that she learned that "the Navy [had] sent a response . . . to [TCA] and/or TCMP" on May 24, 2012, seemingly agreeing to grant Plaintiff's request. Id. ¶¶ 24-25. Plaintiff's Amended Complaint goes on to allege that, on July 27, 2012, nearly nine months after her October 17, 2011 request to the Navy, and more than two months after the Navy appeared to agree to Plaintiff's request, the Navy had nonetheless "failed to institute any accommodations, either temporary or long term, which would allow [Plaintiff] to return to work," "thereby forcing Plaintiff to quit her job effective that day." Id. ¶ 29.

Although Plaintiff's Amended Complaint may not demonstrate "actual evidence of intent by the [Navy] to drive [Plaintiff] from [her] job," the Court finds that Plaintiff has sufficiently pled "circumstantial evidence of such intent." Johnson, 991 F.2d at 131. Specifically, Plaintiff's Amended Complaint asserts sufficient facts demonstrating that the Navy falsely led Plaintiff to believe that it "remained interested in resolving the issues and engaging in an interactive process to resolve the issues," Am. Compl. ¶ 23, ECF No. 11-1, and that, despite Plaintiff's "repeated requests" for accommodation, Johnson, 991 F.2d at 131-32, the Navy's "failure to engage in the interactive process resulted in the failure to identify an appropriate accommodation for [Plaintiff]," Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 323 (4th Cir. 2011). Indeed, "when an employee makes a repeated request for an accommodation and that request is both denied and no other reasonable alternative is offered, a jury may conclude that the employee's resignation was both intended and foreseeable." Talley v. Family Dollar Stores, 542 F.3d 1099, 1109 (6th Cir. 2008) (relying on Johnson, 991 F.2d at 132). Plaintiff has so pled.

The Navy insists that, because it "continued to investigate, offer, and implement accommodations for Plaintiff . . . even after she had resigned her position," it could not possibly have "intentionally [sought] to force Plaintiff to

20

quit.'" Navy's Br. Supp. Mot. to Dismiss at 9-10, ECF No. 10. However, Plaintiff's Amended Complaint alleges that she was not informed "that the Z150 video phone was approved and operational until approximately 21 months after her first communications regarding her needs for accommodation," Am. Compl. ¶ 28, ECF No. 11-1, which was long after Plaintiff had resigned. Nonetheless, because Plaintiff's Amended Complaint alleges that she was constructively discharged on July 27, 2012, and that the Navy neither offered nor provided any reasonable accommodation to Plaintiff in the nine months between Plaintiff's October 17, 2011 request and her constructive discharge on July 27, 2012, the Court finds that Plaintiff "has alleged enough to support a plausible inference that the [Navy] knew that [Plaintiff] would be forced to quit if her disability were not accommodated, and that the [Navy] intended that result." Floyd v. Lee, 968 F. Supp. 2d 308, 330 (D.D.C. 2013) (recognizing that, "if an employer deliberately denies an accommodation knowing that the denial will make working conditions so intolerable that the disabled employee will be forced to resign, then a constructive discharge claim will lie" (citing Talley, 542 F.3d at 1109; Johnson, 991 F.2d at 132)).

### b. Intolerability of the Working Conditions

The Navy also argues that Plaintiff "fails to allege sufficient facts to establish the intolerability element of

21

[her] constructive discharge claim," Navy's Br. Supp. Mot. to Dismiss at 11, ECF No. 10, because her "Amended Complaint contains no allegations, beyond the [Navy's] purported failure to accommodate, to objectively show the Navy created workplace conditions that were so egregious, so aggravated and so unreasonably harsh" as to compel Plaintiff's resignation. Navy's Br. in Opp'n at 20, ECF No. 19. Plaintiff disagrees, arguing that her Amended Complaint alleges sufficient facts demonstrating both the Navy's "failure to provide any operational and instituted accommodation" and "its continued failure to respond to information from Plaintiff," thereby "preclud[ing] Plaintiff from working for Defendant[s] and earning a livelihood for [a] nine month period," until she ultimately resigned. Pl.'s Reply Br. at 19, ECF No. 21.

"Intolerability of working conditions . . . is assessed by the objective standard of whether a 'reasonable person' in the employee's position would have felt compelled to resign." Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985). "'Difficult or unpleasant working conditions' do not qualify as intolerable conditions," Heiko, 434 F.3d at 263 (quoting Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994)), nor are "mere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions . . . so intolerable as to compel a reasonable person

to resign," James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 378 (4th Cir. 2004).   However, although "[a]n employee may not be unreasonably sensitive to [her] working environment," she "is protected from a calculated effort to pressure [her] into resignation through the imposition of unreasonably harsh conditions." Bristow, 770 F.2d at 1255.

Plaintiff's Amended Complaint sufficiently alleges the intolerability element of her constructive discharge claim. Plaintiff alleges that, "without "a reasonable accommodation," she cannot "perform the essential functions of her position," which include "communicat[ing] with patients and other providers," "relay[ing] lab and test results" to patients, "prescrib[ing] new medications and instruct[ing] regarding dosage/usage, and explain[ing] new tests and lab results."   Am. Compl. ¶¶ 14, 17, ECF No. 11-1.   Plaintiff also alleges that the Navy "failed to institute any accommodations . . . allow[ing] [her] to return to work." Id. ¶ 29.   A reasonable jury could conclude that a complete inability to communicate with patients and providers by telephone would render Plaintiff's working conditions "intolerable," as using the telephone is vital to her ability to "communicate with patients and other providers," "relay lab and test results" to patients, "prescribe new medications and instruct regarding dosage/usage, and explain[ing] new tests and lab results." Id. ¶¶ 14, 17.   Thus,

the Court finds that Plaintiff's Amended Complaint, construed in the light most favorable to Plaintiff, alleges sufficient facts - at least at this stage of the litigation - demonstrating that the Navy's failure to provide Plaintiff with a reasonable accommodation created a working environment so intolerable that "a 'reasonable person' in [Plaintiff's] position [may] have felt compelled to resign." Bristow, 770 F.2d at 1255. Accordingly, the Navy's motion to dismiss Plaintiff's constructive discharge claim is **DENIED**.

### 2. Timeliness of EEO Counseling

The Navy argues that both Counts III and IV of Plaintiff's Amended Complaint should be dismissed because "Plaintiff failed to timely initiate EEO counseling with respect to her claims against the Navy." Navy's Mot. to Dismiss at 12, ECF No. 10. Specifically, the Navy alleges that "Plaintiff's claims accrued no later than December 9, 2011," but Plaintiff "initiated EEO counseling against the Navy on April 18, 2012 . . . beyond the 45 day window." Id. at 15. Thus, the Navy contends that Plaintiff's "claims against the Navy are time barred and must be dismissed." Id. Plaintiff argues that, "drawing every reasonable inference in Plaintiff's favor, the facts support (and a reasonable person could find) that the accommodation was not denied any earlier than March 4, 2012" and, thus, her

24

initiation of EEO counseling was timely.  Pl.'s Reply Br. at 13,
ECF No. 21.

An employee bringing an action under the Rehabilitation Act
must satisfy the administrative exhaustion requirements imposed
by Title VII of the Civil Rights Act of 1964 ("Title VII").  See
29 U.S.C. § 794a(a)(1).  Under Title VII, a federal employee
"who feels he or she has been discriminated against must bring
the matter to an EEO counselor within 45 days of the alleged
discriminatory matter or, in the case of a personnel action,
within 45 days of the effective date of the action."  3 Lex K.
Larson, Employment Discrimination § 64.01, at 64-3 (2d ed.
2012); see also 29 C.F.R. § 1614.105(a)(1).  "The unlawful
practice occurs when the plaintiff is informed of the allegedly
discriminatory practice or decision."  Jeandron v. Bd. of
Regents, 510 F. App'x 223, 227 (4th Cir. 2013) (citing Del.
State Coll. v. Ricks, 449 U.S. 250, 258 (1980)); see also Martin
v. Sw. Va. Gas Co., 135 F.3d 307, 310 (4th Cir. 1998) ("A
disabled plaintiff's employment discrimination cause of action
accrues on the date that the alleged unlawful employment
practice occurs.").

Plaintiff's Amended Complaint alleges that "her
constructive discharge [occurred] on July 27, 2012."  Am. Compl.
¶ 30, ECF No. 11-1.  Although Plaintiff's Amended Complaint does
not allege the exact date of the Navy's alleged failure to

25

accommodate, Plaintiff alleges that she was "informed of the allegedly discriminatory practice or decision," Jeandron, 510 F. App'x at 227, when she did not receive a response to her February 21, 2012 letter informing the Navy that Plaintiff would consider her request for accommodation denied if she did not receive a response "within ten (10) days of receipt of the letter," Am. Compl. ¶ 24, ECF No. 11-1.   Plaintiff's Amended Complaint also does not indicate the date she initiated EEO counseling, but alleges that Plaintiff "fil[ed] a timely internal EEO charge and complaint within the required time limits specified by law and regulation" and that she "complied with the administrative remedies under the Rehabilitation Act." Id. ¶ 4.

Failure to file "a timely charge of discrimination with the EEOC" is an affirmative defense "like a statute of limitations, [and] is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Thus, the Court may grant the Navy's motion to dismiss on such ground only "if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint,'" Goodman, 494 F.3d at 464 (quoting Forst, 4 F.3d at 250).[6]  Because the Court

---

[6] "'Failure to exhaust' claims are to be distinguished from the situation where a specific charge of discrimination is filed with the EEOC, but it is allegedly untimely." Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 613 (E.D. Va. 2011).  "[U]nlike a 'failure to exhaust' argument alleging the absence of a jurisdictional

cannot conclude, from the face of Plaintiff's Amended Complaint, that the Navy's failure to accommodate Plaintiff's disability necessarily occurred more than forty-five days before Plaintiff initiated EEO counseling regarding her claim,[7] the Navy's motion to dismiss Counts III and IV of Plaintiff's Amended Complaint on the ground that Plaintiff failed to exhaust her administrative remedies is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend her Complaint, ECF No. 11, is **DISMISSED AS MOOT** as to the Navy, as Plaintiff is entitled to amend her Complaint "once as a matter of course" as to the Navy.   Fed. R. Civ. P. 15(a). Plaintiff's Motion to Amend her Complaint, ECF No. 11, is **GRANTED** as to TCA and TCMP, as TCA and TCMP do not oppose

---

prerequisite, which should be addressed by a 12(b)(1) motion challenging subject matter jurisdiction, this Court finds that the 'untimeliness' claims should be addressed within the context of a 12(b)(6) motion." Id.; see also Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (indicating that, in the Title VII context, the timeliness of filing a "'charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court.'" (quoting Zipes, 455 U.S. at 393)).

[7] The Navy attached to its motion to dismiss a July 17, 2012 letter sent from the EEO Programs Department to Plaintiff, suggesting that Plaintiff "initially contacted this office on 18 April 2012," alleging disability discrimination, failure to accommodate, and constructive discharge "on 27 June 2011." ECF No. 10-3. However, the EEO letter was not "attached or incorporated into [Plaintiff's] complaint" or her Amended Complaint. E. I. du Pont de Nemours, 637 F.3d at 448. Thus, "'draw[ing] all reasonable inferences in favor of the plaintiff,'" Kensington Volunteer Fire Dep't, 684 F.3d at 467, the Court declines to rely upon such letter to determine the date Plaintiff initiated EEO counseling regarding her complaints.

Plaintiff's motion and the Court finds no evidence of prejudice, bad faith, or futility resulting to TCA or TCMP from Plaintiff's amendments.   Laber, 438 F.3d at 426.   The Clerk's Office is **ORDERED** to file Plaintiff's proposed Amended Complaint, ECF No. 11-1, as of the date of this Opinion and Order.   The Navy's Motion to Dismiss is **DENIED**.   ECF No. 9.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

_____ /s/ Mark S. Davis

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 23 , 2014