**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**SUMMER CRUMP,**
          **Plaintiff,**

          **v.**                                    **CIVIL ACTION NO. 2:13cv707**

**TCOOMBS & ASSOCIATES, LLC,**
**Trading as TCASSOCIATES,** *et al.*
          **Defendants.**

**MEMORANDUM IN SUPPORT OF NAVY'S MOTION
TO EXCLUDE AND LIMIT PLAINTIFF FROM PRESENTING
EVIDENCE OR ARGUMENT ON CONDUCT PRIOR TO FEBRUARY 26, 2012**

**I.      Introduction.**

This is an employment discrimination case in which Plaintiff, a hearing-impaired former employee of co-defendant TCA working under a contract with the Navy at the Sewells Point Clinic, alleges that the Navy refused to provide her a reasonable accommodation to allow her to perform her duties as a physician assistant at the clinic.   On Sunday evening, February 14, 2016, the Navy was advised that Plaintiff had resolved and settled her claims against TCA, leaving only Plaintiff's claims against the Navy to go forward.  The case is scheduled to begin Tuesday morning, February 16, 2016, with a jury.

The elimination of TCA from the case substantially changes the factual and legal landscape for the claims that remain against the Navy.  It is axiomatic and subject to no dispute that Plaintiff can only prevail on the basis of a claim timely presented to the Navy for administrative adjudication that alleges a failure to accommodate occurring within the preceding 45 days of the claim.  Because Plaintiff's claim was presented to the Navy no earlier than April 11, 2012, February 26, 2012 represents the date after which Plaintiff must establish the Navy failed to accommodate her.   Absent a failure to accommodate within that time period, Plaintiff

has no legally cognizable claim against the Navy, and liability against the Navy is, as a matter of law, impossible.

Having settled with TCA, Plaintiff is free to pursue her remaining claims against the Navy alone, but she may not do so with evidence that is legally and factually irrelevant, or with evidence that unduly prejudices the Navy in its ability to defend against a timely claim.  Any attempt by Plaintiff to introduce evidence or argument concerning acts or conduct by the Navy – Plaintiff undoubtedly seeks to admit such evidence to evince misconduct, delay, obfuscation, refusal to act, or general misfeasance by the Navy – in support of a timely presented claim of failure to accommodate invites and encourages the jury to base a finding of liability against the Navy on facts which, as a matter of law, it is not entitled to consider, and which unfairly requires the Navy to defend against stale claims.  Had Plaintiff wanted to assert these claims against the Navy, she should have brought a timely claim against the Navy for that conduct.  Having failed to do so, she should not be permitted to prejudice the Navy with those unperfected claims through the backdoor.

Accordingly, to ensure that the jury hears only legally relevant facts and arguments; to ensure that the jury decides the case fairly, only on evidence that it is permitted to consider under the applicable law; and to ensure that the Navy is not unduly prejudiced before the jury with evidence that as a matter of law cannot sustain a finding of liability, the Court must not permit Plaintiff to offer any testimony, facts and evidence, on either liability or damages, that precedes February 26, 2012, and any and all such evidence must be excluded.  Plaintiff must further be barred from any argument relating to such facts and evidence.

## II.    Argument.

Several principles, already decided by this Court, provide the foundation for the Navy's argument.  First, a failure to accommodate claim constitutes a discrete act of discrimination.  Op. and Ord. (ECF No. 183) at 72.

Second, to be able to recover, the alleged failure to accommodate must have been the subject of a timely administrative claim.  *Id.* at 70.  In accordance with the relevant regulation, Plaintiff must have initiated EEO counsel for the alleged failure within 45 days of the failure to accommodate.  *Id.*

Third, Plaintiff initiated EEO counseling no earlier than April 11, 2012.  *Id.* at 72. Plaintiff's case is legally cognizable *only if* there is a failure to accommodate within the 45 day period prior to April 11, 2012, which the Navy calculates as beginning February 26, 2012.  *Id.* Plaintiff previously argued that "the discrete act of discrimination regarding failure to accommodate [by the Navy] occurred on June 15, 2012."  Op. and Ord., at 71.)

Fourth, a failure to accommodate claim is not subject to the continuing violation theory. *Id.* at 71-72.  Thus, untimely claims of misconduct that occurred before the relevant statute of limitations have no legal significance or relevance in establishing liability or damages.  *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) ("A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed [and] . . . has no present legal consequences."); *see also Szedlock v. Tenet*, 61 F. App'x 88, 93 (4th Cir. 2003) ("Early discriminatory actions [for failure to accommodate] by the CIA cannot be made timely simply because they resemble later discriminatory actions.").

Accordingly, it is indisputable that Plaintiff cannot seek to recover, and may not recover, for any conduct that occurred prior to February 26, 2012. *See Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 572 (8th Cir. 1997) ("discrimination complainant may recover for any discriminatory act for which the statute of limitations has not expired"); *Coleman v. Masonic Home of Virginia*, No. 3:12-CV-682, 2013 WL 163727, at *6 (E.D. Va. Jan. 15, 2013) (a plaintiff cannot recover on untimely presented discrimination claims); *Mveng-Whitted v. Virginia State Univ.*, No. 3:11-CV-00842-JAG, 2012 WL 3686285, at *5 (E.D. Va. Aug. 24, 2012) (Untimely claims "cannot serve as independent bases of recovery"); *see also* Def.'s Proposed Jury Inst. 17 (ECF No. 275-2, at p. 2). Because Plaintiff cannot recover for any conduct arising prior to February 26, 2012, she should not be permitted to introduce evidence of such conduct in order to establish the Navy's liability, or for the purposes of assessing damages. *See* Def.'s Proposed Jury Inst. 17 (ECF No.275-2, at 2), 36 (ECF No.275-4, at 7).

It is correct, of course, that, in some instances, untimely conduct or acts may be admissible for so-called "background" information to support a timely claim of discrimination. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.) But the mere invocation of "background," does not open the floodgates and permit a plaintiff a free hand to introduce whatever he or she wants. Here, in this single failure to accommodate case, the Court should exclude and limit Plaintiff from introducing any evidence or argument about purported Navy misconduct (acts or omissions) that occurred beyond the statute of limitations (i.e., before February 26, 2012).

First, so-called background evidence "*may* constitute relevant . . . evidence," *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (emphasis added), but Plaintiff has no *right* to the

admission of background evidence, even if relevant, where its probative value is outweighed by

the potential for prejudice.  Fed. R. Evid. 403; *see also Law v. Cont'l Airlines Corp.*, 399 F.3d

330, 334 (D.C. Cir. 2005) ("Whatever the caveat's precise reach [ability to use untimely acts as

background], such background evidence cannot suffice where plaintiffs have offered no evidence

of discriminatory purpose other than (at most) the discrete time-barred decision not to advance

them. To decide otherwise would completely undo *Morgan*'s insistence that '[e]ach discrete

discriminatory act starts a new clock for filing charges alleging that act.'").  The Court should

independently determine whether the probative value of the Navy's statements, acts and

omissions prior to February 26, 2012 have probative value in showing Plaintiff was denied an

accommodation after February 26, 2012, or whether such evidence is outweighed by the

potential for prejudice and confusion.

     Second, a failure to accommodate claim is not a claim of deliberate discrimination based

on a prohibited characteristic.  *See Good Shepherd Manor Foundation, Inc. v. City of Momence*,

323 F.3d 557, 562 (7th Cir.2003) ([R]easonable accommodation is a theory of liability separate

from intentional discrimination.").  Thus, the Navy's motive or intent when it purportedly

refused to offer Plaintiff a reasonable accommodation after February 26, 2012, is irrelevant.  *See*

*Floyd v. Lee*, 968 F. Supp. 2d 308, 315-16 (D.D.C. 2013) (Plaintiff "need not explain why her

employer has failed to accommodate her.  The failure to accommodate is itself discriminatory.");

*Bartlett v. New York State Board of Law Examiners*, 970 F.Supp. 1094 (S.D.N.Y.1997) ("[T]he

question of intent in accommodations cases does not require that plaintiff show that defendants

harbored an animus towards her or those disabled such as she.); *E.E.O.C. v. GKN Driveline N.*

*Am., Inc.*, No. 1:09CV654, 2010 WL 5093776, at *13 (M.D.N.C. Dec. 8, 2010) ("the Fourth

Circuit does not construe claims for 'failure to make reasonable accommodations' as requiring proof of 'intentional discrimination.'")

"[T]he principle is well-established that prior acts and statements should be admitted where necessary to show state of mind." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1133 (4th Cir. 1988).  But necessarily, "the potential importance of evidence showing state of mind" must be considered when undertaking a Rule 403 or 404 analysis.  *Id.*  Where an employer's motive is an element of the claim, admitting "background" evidence of the employer's conduct or statements may have probative value despite its prejudicial impact.  *See e.g. Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 176-77 (2d Cir. 2005) ("relevant background evidence, such as statements by a decisionmaker or earlier decisions ***typifying the retaliation involved***, may be considered to assess liability on the timely alleged act") (emphasis added); *Lyons v. England*, 307 F.3d 1092, 1110-11 (9th Cir. 2002) ("In the context of a racial disparate treatment claim, admissible background evidence must be relevant to determine 'the ultimate question: whether ...'the defendant intentionally discriminated against [the plaintiff]' because of his race.'") (internal citation omitted); *Austion v. City of Clarksville*, 244 F. App'x 639, 651 (6th Cir. 2007) (finding background evidence relevant "for demonstrating a racially hostile work environment").

But where motive is irrelevant, as it is here*, see e.g.* Def.'s Proposed Jury Inst. 16 (ECF No. 275-2, at 1), then the probative value of such purported bad acts or behavior is nonexistent.  Any evidence or argument on these points can only serve to invite the jury to consider evidence of stale claims and other conduct that, as a matter of law, has no legal relevance and cannot be used to support her claim of a failure to accommodate after February 26, 2012.

Third, when Plaintiff did not file timely claims for any act occurring prior to February 26, 2012, the Navy was entitled to treat all those prior acts and conduct as lawful conduct. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S. Ct. 1885, 1889, 52 L. Ed. 2d 571 (1977) ("But United was entitled to treat that past act as lawful after respondent failed to file a charge of discrimination within the 90 days then allowed by § 706(d)."). To allow Plaintiff to now introduce evidence concerning these acts and argue the purported improper conduct of the Navy as "background" for the failure to accommodate that occurred after February 26, 2012, is nothing more than a backdoor effort to invoke the continuing violation doctrine, which this Court has already held is not available. Op. and Ord. (ECF No. 183) at 71-72; *see also Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) ("A party may not attempt to make an earlier discrete discriminatory action, for which time has expired, timely once again by 'bootstrapping' it to a timely charge, even if both incidents are related. '[D]iscrete acts that fall within the statutory time period do not make timely [other] acts that fall outside the time period.'"). Because the continuing violation theory is unavailable, Plaintiff cannot introduce and the jury may not consider evidence of acts or events that occurred outside the statute of limitations period. *Mercer v. Se. Pennsylvania Transit Auth.*, 26 F. Supp. 3d 432, 442 (E.D. Pa. 2014) *aff'd sub nom. Mercer v. SEPTA*, 608 F. App'x 60 (3d Cir. 2015) ("the continuing violations doctrine does not provide a basis for the Court to consider any of Mercer's requests for accommodation that were denied before September 11, 2010"). Moreover, to allow Plaintiff to introduce evidence and argument on pre-February 27, 2012 acts and conduct forces the Navy to defend against claims that, as a matter of law, it was entitled to consider as lawful and which, as a matter of law, bore no legal consequence. *Evans*, 431 U.S. at 558.

Finally, there is no basis for Plaintiff to discuss as "background" her submission of the reasonable accommodation forms to the Navy (through TCA) in October 2011, which she would do in an effort to show improper "delay" after October 2011.  The Navy responded to this request with a proposed offer in December 2011.  Op. and Ord., at 26-28.  "Once the employer has offered [an accommodation], its duties have been discharged."  *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1177 (10th Cir. Kan. 1999); *see also Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (U.S. 1986) ("We find no basis in either the statute or its legislative history for requiring an employer to choose any particular reasonable accommodation.  By its very terms the statute directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation.").  If Plaintiff viewed the December offer as unreasonable, she was obligated to pursue an administrative claim of discrimination based on this discrete failure to accommodate.  *See Williams v. Harvey*, No. CIV A. 4:05CV161, 2006 WL 2456406, at *11 (E.D. Va. Aug. 21, 2006) ("an employer must offer a reasonable accommodation of its choosing and once it has done so the court's inquiry must end.")  She did not do so.  Instead, she requested an additional accommodation on March 26, 2012.

Because that purportedly unreasonable, accommodation offer is beyond the statute of limitations, it is has no legal significance or relevance.   Plaintiff cannot use that untimely claim to support a post-February 26, 2012 timely claim of failure to accommodate because to do so would effectively invoke the continuing violation doctrine which is not available to Plaintiff.  Op. and Ord., at 71-72.

III.    **Conclusion.**

With TCA no longer in the case – TCA had a much longer statute of limitations – there is no longer any basis to say that conduct, statements and actions occurring prior to February 26,

2012 by the Navy, or by and between the Navy and TCA, have any legal significance or relevance in determining whether the Navy failed to accommodate Plaintiff after February 26, 2012. If Plaintiff's claim is cognizable at all, it is because there is a discrete failure to accommodate that occurred after February 26, 2012. If the Navy is to be held liable to Plaintiff for that discrete act, it is because, and only because, at that point in time, the accommodations offered by the Navy were not reasonable. What Plaintiff contends the Navy said or did, or did not say or did not do, prior to February 26, 2012 is legally irrelevant.

The Navy should not be forced to defend against stale claims, or allegations of misconduct, delay, obfuscation, refusal to act, or general misfeasance that, as a matter of law, could not support a finding of liability. Accordingly, the Navy's motion should be granted.

Respectfully submitted,

UNITED STATES DEP'T OF NAVY
By and through RAY MABUS,
SEC'Y OF THE DEP'T OF THE NAVY

DANA J. BOENTE
United States Attorney

By:     _____/s/_____

Virginia VanValkenburg, VSB No. 33258
Kent P. Porter, VSB No. 22853
Counsel for Federal Defendant
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: VirginiaVanValkenburg@usdoj.gov
Email: Kent.Porter@usdoj.gov

D'Ontae D. Sylvertooth, NM No. 142994
Counsel for Federal Defendant
Department of the Navy
Office of the General Counsel
5113 Leesburg Pike, 4 Skyline Place, Suite 602
Falls Church, VA 22041

Phone: (703) 681-2513
Email: dontae.d.sylvertooth.civ@mail.mil

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of February, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following filing user(s):

| | |
|---|---|
| Ann K. Sullivan, VSB # 17762<br>Melissa M. Picco, VSB #43046<br>Deborah Y. Collins<br>SULLIVAN LAW GROUP, PLC<br>Counsel for Plaintiff<br>440 Monticello Avenue, Suite 1810<br>Norfolk, VA 23510<br>Phone: (757) 995-8545<br>Fax: (757) 955-8501<br>asullivan@asksullivan.com<br>mpicco@asksullivan.com | Adrien C. Pickard, VSB 65833<br>Brooke Iley<br>Blank Rome LLP<br>Counsel for TCOOMBS & ASSOCIATES,<br>LLC,  and<br>TCMP HEALTH SERVICES, LLC,<br>600 New Hampshire Avenue, N.W.<br>Washington, D.C. 20037<br>Phone: (202) 772-5845<br>Fax: (202) 572-1430<br>apickard@blankrome.com |
| David Pearline, Esq<br>1064 Laskin Road, Suite 22C<br>Virginia Beach, Virginia 23451<br>Phone: (757) 428-8828<br>Fax: (757) 428-8828<br>davidpearline@msn.com | |

By: _____/s/_____

Virginia VanValkenburg, VSB No. 33258
Kent P. Porter, VSB No. 22853
Counsel for Federal Defendant
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: VirginiaVanValkenburg@usdoj.gov
Email: Kent.Porter@usdoj.gov