

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SUMMER CRUMP,

    Plaintiff,

v.                              Civil Action No. 2:13cv707

UNITED STATES DEPT. OF NAVY,
by and through RAY MABUS,
SECRETARY OF THE DEPT. OF NAVY,

    Defendant.

## MEMORANDUM ORDER

The jury trial in this case took place from February 16, 2016 through February 29, 2016. In its earlier summary judgment Opinion and Order, the Court found that the United States Department of Navy ("Navy") was a joint employer of Plaintiff with respect to her claim that the Navy failed to accommodate her hearing disability, in her job as a Physician Assistant, pursuant to its obligations under the Rehabilitation Act of 1973. Op. & Order, 65-66, ECF No. 183. On the morning of trial, co-defendants/joint employer TCoombs & Associates, LLC and TCMP Health Services, LLC ("TCA") settled with Plaintiff, leaving the Navy as the sole defendant at trial. Minutes of Proceedings, ECF No. 304; Stipulation of Dismissal, ECF No. 318.

When the Court heard arguments on the proposed jury instructions, it adopted, over the Navy's objection, Jury Instruction 32 regarding joint employer liability. Having heard

arguments from the parties at trial, the Court now memorializes its ruling, citing the legal support it discussed on the record.

## I. JURY INSTRUCTION 32

Jury Instruction 32, as given to the jury, states:

> A "joint employer" relationship does not create liability in the co-employer for actions taken by the other employer; that is, each employer is only liable to the employee for its own actions, not for each other's actions.
>
> However, a "joint employer" is liable if it participates in the co-employer's discrimination or if it knew or should have known about the co-employer's discrimination and failed to undertake prompt corrective measures within its control.

Jury Instruction 32 is a modified version of Plaintiff's Proposed Jury Instruction 44, regarding joint employer liability, and incorporates discussions with both parties regarding Plaintiff's Proposed Jury Instruction 28, regarding agents of a corporation or agency.[1] See Plaintiff's Proposed Jury Instructions with Authorities, ECF No. 271. The Navy objected to Jury Instruction 32, arguing that Jury Instruction 32 presented to the jury an incorrect statement of the law based on the facts of the case.

---

[1] The Court ultimately rejected Plaintiff's Proposed Jury Instruction 28 because, as discussed below, the Court determined that the "knew or should have known" standard articulated by the EEOC Enforcement Guidance, and relied upon by a number of courts, was a more accurate representation of the state of the law regarding agency and joint employer liability, particularly on the facts of this case.

2

## II. DISCUSSION

As the Court recognized at trial, there are two views on the method of applying agency principles to determine whether a joint employer is liable for discriminatory actions taken by a co-employer. The first view, and the one represented by Plaintiff's Proposed Jury Instruction 28, argues that agency principles should be applied to determine joint employer liability. See Virgo v. Riviera Beach Assoc., 30 F.3d 1350, 1362-63 (11th Cir. 1994) (relying on agency principles to determine the extent of a joint employer's liability under Title VII). The second view, and the one espoused by the Navy during argument, asserts that a joint employer relationship does not create vicarious liability for a co-employer. See Torres-Negrón v. Merck & Co., 488 F.3d 34, 40 n.6 (1st Cir. 2007) ("[J]oint-employer liability does not by itself implicate vicarious liability. . . . [A] finding that two companies are an employee's 'joint employers' only affects each employer's liability to the employee for their own actions, not for each other's actions. . . ."). The Court agreed with the Navy, in part, and found that a joint employer relationship does not automatically create liability in a joint employer for actions taken by a co-employer. See Whitaker v. Milwaukee County, 772 F.3d 802, 811 (7th Cir. 2014) (citing cases in support); Torres-Negrón, 488 F.3d at 40 n.6 ("[J]oint-employer liability does not

3

<u>by itself</u> implicate vicarious liability." (emphasis added)); <u>Llampallas v. Mini-Circuits, Lab, Inc.</u>, 163 F.3d 1236, 1244-45 (11th Cir. 1998) (finding no liability, regardless of the technical outcome of the joint employer inquiry, where a defendant entity had no involvement in the challenged employment action). However, a number of courts have determined that a joint employer may be liable for the discriminatory actions of a co-employer when a joint employer "participates" in a co-employer's discrimination, or if a joint employer "[knew] or should have known of [a co-employer's] discrimination but fail[ed] to take corrective action within its control." <u>Punt v. Kelly Servs.</u>, No. 14cv2560, 2016 WL 67654, at *14 (D. Colo. Jan. 6, 2016) (citing <u>Burton v. Freescale Semiconductor, Inc.</u>, 798 F.3d 222, 229 (5th Cir. 2015)); see <u>Whitaker</u>, 772 F.3d at 811-12 (listing cases in support). The "knew or should have known" standard is an "agency-like theory" which has been repeatedly recognized in the Title VII context. See <u>Smith v. Metro. Sch. Dist. Perry Twp.</u>, 128 F.3d 1014, 1022-28 (7th Cir. 1997) (comparing common law agency principles with the "knew or should have known" standard—an "agency-like theory"—in the Title VII context).

The "knew or should have known" standard noted above, and included in Jury Instruction 32, was articulated by the EEOC in its 1997 Enforcement Guidance regarding contingent workers. The

4

1997 EEOC Enforcement Guidance examines the specific context of temporary employment or staffing agencies sending employees to client employers, and concludes that "the [staffing firm] is liable if it participates in the client's discrimination. . . . The [staffing firm] is also liable if it knew or should have known about the client's discrimination and failed to undertake prompt corrective measures within its control." [2] Equal Employment Opportunity Commission, EEOC Notice No. 915.002, Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms, 1997 WL 33159161, *11 (Dec. 3, 1997) [hereinafter "1997 EEOC Enforcement Guidance"]; see id. at *11 n.33 (citing cases in support). The "knew or should have known" standard was clarified to note its application to both a staffing firm and its client in the 2000 EEOC Enforcement Guidance regarding contingent workers. The 2000 EEOC Enforcement Guidance addressed unique Americans with Disabilities Act ("ADA") issues not explicitly discussed in the 1997 EEOC Enforcement Guidance, and stated that

> [a] **staffing firm or its client** that qualifies as **an employer** of a staffing firm worker may be liable for: **its own discrimination** against the

---

[2] The Court explained in its summary judgment Opinion and Order that such guidance is entitled to deference only to the extent of its power to persuade the Court. Op. & Order, ECF No. 183, 66-67 n.12 (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013); Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 411 n.6 (4th Cir. 2015))

>worker; or **discrimination by the other entity** if it either: **participates** in the discrimination; or **knew or should have known** of the discrimination and **failed to take corrective action** within its control.

Equal Employment Opportunity Commission, EEOC Notice No. 915.002, Enforcement Guidance: Application of the ADA to Contingent Workers Placed by Temporary Agencies and Other Staffing Firms, 2000 WL 33407189, *2 (Dec. 22, 2000)(emphasis in original)[hereinafter "2000 EEOC Enforcement Guidance"].

A number of courts have relied upon the EEOC Enforcement Guidance quoted above and have determined that a joint employer may be liable under the ADA or Rehabilitation Act if it "participates" in a co-employer's discrimination or if the joint employer "knew or should have known of [a co-employer's] discrimination and failed to take corrective action within its control." See Burton, 798 F.3d at 229; ("A staffing agency is liable for the discriminatory conduct of its joint-employer client if it participates in the discrimination, or if it knows or should have known of the client's discrimination but fails to take corrective measures within its control." (citing Whitaker, 772 F.3d at 812)); Whitaker, 772 F.3d at 811-12 (citing the 1997 EEOC Enforcement Guidance and finding that a purported joint employer could not be liable under the Rehabilitation Act because "nothing in the record suggests that the County participated in the alleged discriminatory conduct or failed to

6

take corrective measures within its control"); Lima v. Adecco &/or Platform Learning, Inc., 375 F. App'x 54, 55 (2d Cir. 2010) (unpublished) (finding that an employer could not be held liable based on the joint employer theory "because there is no evidence that Adecco either knew or should have known about any of the alleged discrimination" (citing AT&T v. NLRB, 67 F.3d 446, 451 (2d Cir. 1995))); Punt, 2016 WL 67654 at *14-15 (citing the 1997 EEOC Enforcement Guidance, but finding that the plaintiff failed to demonstrate that the joint employer engaged in discriminatory action and that the co-employer "participated in" or that it "knew or should have known about [the] discrimination but failed to take corrective measures within its control"); Medina v. Adecco, 561 F. Supp. 2d 162, 178 (D.P.R. 2008) ("To prevail under a theory of joint employer liability, plaintiff must show that defendant knew or should have known of the discriminatory conduct and failed to take prompt corrective measures within its control." (citing Watson v. Adecco Emp't Servs., Inc., 252 F. Supp. 2d 1347, 1357 (M.D. Fla. 2003); 1997 EEOC Enforcement Guidance)); cf. Sandoval v. Boulder Reg'l Commc'ns Ctr., 388 F.3d 1312, 1324 n.4 (10th Cir. 2004) (noting that because it did not find a joint employer relationship, "[it] need not reach the question of what the scope of one joint employer's vicarious liability would be for actions of its partner in which it did not participate or over which it had limited or no control").

Therefore, based upon the 1997 and 2000 EEOC Enforcement Guidance, the persuasive authority noted above, and the facts of this case, the Court determined that Jury Instruction 32 is a correct statement of the law regarding the potential liability of joint employers under the ADA and the Rehabilitation Act.

### III. CONCLUSION

For the reasons stated above, the Court **OVERRULED** the Navy's objection to Jury Instruction 32.

It is so **ORDERED**.

/s/ Mark S. Davis
Mark S. Davis
United States District Judge

Norfolk, Virginia
March 3, 2016